Pelton v. Smith.

---

## DETERMINATION AS TO DOWER

[Wood (6th) Court of Appeals, October 24, 1912.]

Wildman, Kinkade and Richards, JJ.

SAMUEL H. PELTON v. EDWIN SMITH ET AL.

1. **Action to Fix Dower Appealable.**
   An action to determine whether plaintiff is entitled to dower in the entire proceeds from the sale, or only in the surplus after satisfying a mortgage lien, is appealable.
2. **Mortgages Existing Prior to Coverture Payable before Dower is Determined.**
   When a mortgage was placed on the premises prior to the marriage of the plaintiff to the mortgagor, the mortgagor at no time during coverture had more than an equity of redemption in the property, and the plaintiff is therefore dowable only out of the surplus after satisfaction of the mortgage.

APPEAL.

*Benj. F. James,* for plaintiff.
*R. D. Moore,* for defendants.

## RICHARDS, J.

In the court of common pleas, Samuel H. Pelton brought an action for the purpose of obtaining an assignment of dower claimed by him in a tract of land containing forty acres in this county. On the trial a decree was entered adjudging the plaintiff to be entitled to dower, but only in the surplus remaining after a certain mortgage was satisfied. From that decree the plaintiff prosecuted both error and appeal, claiming that he was entitled to dower in the entire proceeds of sale without abatement therefrom.

Under authority of *Corry* v. *Lamb,* 43 Ohio St. 390 [2 N. E. 851], we hold that the case is appealable, and therefore case No.

950 will be dismissed and the question determined in the appeal case, No. 952.

It appears from the record in the case that the plaintiff intermarried with one Mary D. Smith about August 12, 1908, and remained her husband until the date of her death, June 30, 1912. At the time they were married a mortgage given by her was held by the Mutual Benefit Ins. Co. of New Jersey, covering the premises in which plaintiff seeks dower. In this case, by proper decree entered in the court of common pleas, the premises have been sold and the amount found due upon the mortgage determined, that amount being some $1,558. The purchase price of the land on sale made by the sheriff amounts to the sum of $4,000.

In view of the fact that the mortgage was on the premises at the time the plaintiff was united in marriage with the mortgagor, she had at no time during coverture more than an equity of redemption in the property, and he therefore could only be dowable out of the surplus after the satisfaction of the mortgage. The principle enunciated in *Nichols* v. *French*, 83 Ohio St. 162 [93 N. E. 897], is applicable and controlling in the case at bar, and decree may be entered finding the plaintiff entitled to dower in the surplus remaining after the satisfaction of the mortgage indebtedness.

WILDMAN and KINKADE, JJ., concur.